IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON

RECEIVED AUG 10 2012 TERESA L. DEPPNER, CLERK U.S. District Court Southern District of West Virginia

In re Criminal Complaint        )          Case No. 2:12-mj-00088
Against Vivek Shah              )                  (UNDER SEAL)
_____)

## United States' Memorandum of Points and Authorities Regarding Venue

Comes now the United States of America, by Assistant United States Attorney Steven R. Ruby, and submits this Memorandum of Points and Authorities Regarding Venue in connection with the criminal complaint against Vivek Shah (the "Complaint"), filed along with this Memorandum.

The Complaint charges Shah with transmitting in interstate commerce, with intent to extort money from a person, a communication containing a threat to injure the person of another, in violation of 18 U.S.C. § 875(b). As explained in the affidavit attached to the Complaint, there is probable cause to believe that Shah mailed from Los Angeles, California, a letter threatening to kill several named members of the family of Christopher Cline unless Cline paid $13 million to an offshore bank account to be named later. The letter was mailed to a home that Cline owns in North Palm Beach, Florida. At the time the letter arrived in Florida, Cline was residing at another home he owns in Beckley, West Virginia. The letter was forwarded to the offices of Cline's attorneys in Charleston, West Virginia, in the Southern District of West Virginia.

There also is probable cause to believe, as explained in the affidavit attached to the Complaint, that Shah subsequently mailed Mr. Cline another letter containing wiring instructions for an offshore bank in Cyprus, along with a copy of the original extortion letter. This follow-up

letter also was mailed to Cline's home in Florida and then forwarded to the offices of his attorneys in Charleston, West Virginia, in the Southern District of West Virginia.

For criminal offenses begun in one district and completed in another, venue is governed by 18 U.S.C. § 3237. That section provides that any offense involving the mails or transportation in interstate commerce may be prosecuted "in any district from, through, or into which" such commerce or mail matter moves. Here, the two extortion letters sent to Mr. Cline moved into the Southern District of West Virginia.

Venue also lies in the Southern District of West Virginia because several family members of Mr. Cline who were targets of the threat reside in this district, Mr. Cline is a part-time resident of this district, and the effects of the threat therefore have been felt heavily in this district. The Fourth Circuit has held that where targets of a criminal threat reside in a district, venue is proper in that district. *United States v. Newsom*, 9 F.3d 337 (4th Cir. 1993) (threat made in Ashland, Kentucky, targeting Assistant United States Attorney residing in Southern District of West Virginia; Fourth Circuit reversed district court ruling dismissing case for lack of venue); *United States v. Kibler*, 667 F.2d 452 (4th Cir. 1982) (in case involving criminal threat, venue lay in district where result of crime would be felt); *see also United States v. Cofield*, 11 F.3d 413 (4th Cir. 1993) (venue proper in Eastern District of Virginia for acts of witness retaliation that occurred in District of Columbia, because of effect of conduct in Eastern District of Virginia).

In other types of cases, the Fourth Circuit has similarly taken the view that venue lies in a district where the effects of an offense are substantially felt. In *United States v. Riselli*, Nos. 92-5676, 92-5677, 1993 WL 366364 (4th Cir. Sep. 21, 1993), the defendants were charged with an attempted financial fraud whose effects, had it succeeded, would have been felt in the Southern District of West Virginia because an intended victim bank was located here. The court held that venue was

proper in the Southern District of West Virginia, noting that "[t]his circuit . . . has adopted a liberal approach to venue determinations awarding substantial consideration to the place where the results of the crime are felt and to the concerns of the threatened jurisdiction," and citing *Kibler*.

Because the threatening communication traveled in interstate commerce to this district, and because many of the threatened victims reside in this district, venue is proper here.

                                                     Respectfully submitted,

                                                     R. BOOTH GOODWIN II
                                                     United States Attorney

By:    /s/ Steven R. Ruby
                                                     STEVEN R. RUBY
                                                     WV Bar No. 10752
                                                     Assistant United States Attorney
                                                     P.O. Box 1713
                                                     Charleston, WV 25326
                                                     Phone: 304-345-2200
                                                     Fax: 304-347-5104
                                                     E-mail: steven.ruby@usdoj.gov