UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON GRAND JURY 2012
AUGUST 21, 2012 SESSION

UNITED STATES OF AMERICA

v.  CRIMINAL NO. 5:12-cr-00172

18 U.S.C. § 1951
18 U.S.C. § 875(b)

VIVEK SHAH

# I N D I C T M E N T

The Grand Jury Charges:

## COUNT ONE

(Interference with commerce by threats)

1. In or about June 2012, defendant VIVEK SHAH mailed a document addressed to a victim known to the Grand Jury (the "First Victim") and titled "Extortion Notice" (the "Extortion Notice"). The Extortion Notice stated that if the First Victim did not follow certain instructions, then the First Victim could expect at least one of a group of listed individuals to be dead in the next year. The individuals named in this list included two individuals known to the Grand Jury, both of whom are relatives of the First Victim (the "Second Victim" and the "Third Victim"). At all relevant times, the Second Victim and the Third Victim resided in or around Beckley, Raleigh County,

West Virginia, in the Southern District of West Virginia (hereinafter "Beckley").

2. After the aforementioned list of individuals, the Extortion Notice stated, "Amount: USD $13,000,000" and "Deadline: June 28, 2012." The Extortion Notice further stated, "A few days before the deadline you will receive another letter which will describe the wire instructions."

3. Defendant VIVEK SHAH mailed the Extortion Notice from in or around Los Angeles, California, to a home of the First Victim located in or around North Palm Beach, Florida (the "Florida Home"), using the United States Postal Service (USPS).

4. When the Extortion Notice arrived at the Florida Home, the First Victim was at another home located in or around Beckley (the "Beckley Home"), where the First Victim frequently spends most of the summer months. The envelope containing the Extortion Notice was opened by an employee of an entity controlled by the First Victim (the "Florida Employee") who was at the Florida Home at or around the time the Extortion Notice arrived there. The Florida Employee telephoned the First Victim and informed the First Victim of the Extortion Notice, while the First Victim was located in or around Beckley. The Florida Employee then forwarded the Extortion Notice to the office of the First Victim's attorneys (the "Charleston Attorneys") in Charleston, Kanawha County, West Virginia, in the Southern

District of West Virginia (hereinafter "Charleston"), where it arrived in or about June 2012.

5. At all relevant times, the First Victim affected interstate commerce in the Southern District of West Virginia by, among other things:

a. being the sole or controlling owner of numerous corporate entities that retained and regularly paid numerous full-time employees in the Southern District of West Virginia, and that regularly purchased supplies and equipment in the Southern District of West Virginia that moved in interstate commerce;

b. being the beneficiary of a personal residential trust that owns the Beckley Home, a large home with extensive surrounding grounds, and expending, both personally and through corporate entities of which the First Victim is sole or controlling owner, substantial sums of money on the upkeep and operation of that home, including on supplies that moved in interstate commerce;

c. causing payment of most of the First Victim's personal bills and expenses, which relate to commerce in West Virginia and in other states, to be processed through an office located in or around Beckley, and made from a bank account maintained at a bank branch located in Charleston;

    d. contributing, both personally and through a charitable foundation that the First Victim funded, substantial sums of money to charitable and educational organizations in the Southern District of West Virginia, which in turn spent substantial sums of that money in a manner that affected interstate commerce; and

    e. making other personal and business expenditures in the Southern District of West Virginia.

  6. If the First Victim had paid the sum demanded by defendant VIVEK SHAH in the Extortion Notice, the payment would have depleted the First Victim's liquid assets and would have affected the First Victim's activities that affect interstate commerce in the Southern District of West Virginia.

  7. Wherefore, in or about June 2012, defendant VIVEK SHAH did and did attempt to obstruct, delay, and affect commerce and the movement of any article and commodity in commerce by extortion, and threatened physical violence to a person in furtherance of a plan and purpose to do a thing in violation of Title 18, United States Code, Section 1951, all in the Southern District of West Virginia and elsewhere.

  In violation of Title 18, United States Code, Section 1951.

COUNT TWO

(Transmitting in interstate commerce a
threatening communication with intent to extort)

8.  The Grand Jury realleges and incorporates by reference paragraphs one through seven of this Indictment as if fully set forth herein.

9.  In or about June 2012, defendant VIVEK SHAH did, with intent to extort money and other things of value from the First Victim, transmit in interstate commerce a communication containing a threat to injure the person of another, in the Southern District of West Virginia and elsewhere.

In violation of Title 18, United States Code, Section 875(b).

## COUNT THREE

### (Interference with commerce by threats)

10.     The Grand Jury realleges and incorporates by reference paragraphs one through nine of this Indictment as if fully set forth herein.

11.     In or about June and July 2012, and after the Extortion Notice was mailed, defendant VIVEK SHAH mailed another document to the First Victim that set forth wiring information for a bank account (the "Wiring Instructions"). One page of the Wiring Instructions was a copy of the aforementioned Extortion Notice, modified to display the word "COPY" in large letters across the page. The other page of the wiring instructions bore the phrase "Wire Instructions:" near the top of the page, followed by the name of a bank known as Eurobank EFG Cyprus Ltd., and a number labeled "Account Number," along with other information pertaining to the transfer of money.

12.     Defendant VIVEK SHAH mailed the Wiring Instructions, including the aforementioned copy of the Extortion Notice, to the Florida Home from in or around Los Angeles, California, using the USPS. The Wiring Instructions arrived at the Florida Home while the First Victim was away from the Florida Home and from there were delivered to the office of the Charleston Attorneys.

13. Wherefore, in or about June and July 2012, defendant VIVEK SHAH did and did attempt to obstruct, delay, and affect commerce and the movement of any article and commodity in commerce by extortion, and threatened physical violence to a person in furtherance of a plan and purpose to do a thing in violation of Title 18, United States Code, Section 1951, all in the Southern District of West Virginia and elsewhere.

In violation of Title 18, United States Code, Section 1951.

## COUNT FOUR

### (Transmitting in interstate commerce a threatening communication with intent to extort)

14.  The Grand Jury realleges and incorporates by reference paragraphs one through thirteen of this Indictment as if fully set forth herein.

15.  In or about June and July 2012, defendant VIVEK SHAH did transmit the Wiring Instructions, including the aforementioned copy of the Extortion Notice, in interstate commerce.

16.  Wherefore, in or about June and July 2012, defendant VIVEK SHAH did, with intent to extort money and other things of value from the First Victim, transmit in interstate commerce a communication containing a threat to injure the person of another, in the Southern District of West Virginia and elsewhere.

In violation of Title 18, United States Code, Section 875(b).

R. BOOTH GOODWIN II
United States Attorney

By: _____
STEVEN R. RUBY
Assistant United States Attorney