

**United States Department of Justice**

United States Attorney
Southern District of West Virginia

---

Robert C. Byrd United States Courthouse
300 Virginia Street, East
Suite 4000
Charleston, WV 25301
1-800-659-8726

Mailing Address
Post Office Box 1713
Charleston, WV 25326
304-345-2200
FAX: 304-347-5104

May 3, 2013

FILED
MAY - 9 2013
TERESA L. DEPPNER, CLERK
U.S. District Court
Southern District of West Virginia

Debra A. Kilgore, Esq.
Burton Kilgore & Lazenby, P.L.L.C.
1439 Main St., Suite 2
Princeton, WV 24740

   Re: United States v. Vivek Shah
     Criminal No. 5:12-00172 (USDC SDWV)
     Criminal No. 5:13-00127 (USDC SDWV)

Dear Ms. Kilgore:

  This will confirm our conversations with regard to your client, Vivek Shah (hereinafter "Mr. Shah"). As a result of these conversations, it is agreed by and between the United States and Mr. Shah as follows:

  1. **PENDING CHARGES**. Mr. Shah is charged in a thirteen-count Superseding Indictment in the Southern District of West Virginia in Criminal No. 5:12-00172. Counts One and Three of this Superseding Indictment charge Mr. Shah with violations of 18 U.S.C. § 1951 (interference with commerce by threats). Counts Two and Four of this Superseding Indictment charge Mr. Shah with violations of 18 U.S.C. § 875(b) (transmitting in interstate commerce a threat with intent to extort). Counts Five and Six of this Superseding Indictment charge Mr. Shah with violations of 18 U.S.C. § 2332b(a)(2) (threat to kill a person within the United States involving conduct transcending national boundaries). Counts Seven through Eleven of this Superseding Indictment charge Mr. Shah with violations of 18 U.S.C. § 1028(a)(5) (fraud and related activity in connection with identification documents, authentication features, and information). Counts Twelve and Thirteen of this Superseding Indictment charge Mr. Shah with violations of 18 U.S.C. § 1028A(a)(2)

               VS
               Defendant's
               Initials

Debra A. Kilgore, Esq.
May 3, 2013  Re: Vivek Shah
Page 2

(aggravated identity theft).

Mr. Shah is also charged in a seven-count Indictment in the Southern District of West Virginia in Criminal No. 5:13-00127. Counts One through Seven of that Indictment charge Mr. Shah with violations of 18 U.S.C. § 876(b) (mailing threatening communications).

2. **RESOLUTION OF CHARGES.** Mr. Shah will plead guilty to Count Two of the Superseding Indictment in Criminal No. 5:12-00172 and will plead guilty to Counts One through Seven of the Indictment in Criminal No. 5:13-00127. Following final disposition, the United States will move the Court to dismiss Count One and Counts Three through Thirteen of the Superseding Indictment in Criminal No. 5:12-00172.

3. **MAXIMUM POTENTIAL PENALTY.** The maximum penalty to which Mr. Shah will be exposed by virtue of this guilty plea is as follows:

(a) Imprisonment for a period of 160 years;

(b) A fine of $2,000,000, or twice the gross pecuniary gain or twice the gross pecuniary loss resulting from defendant's conduct, whichever is greater;

(c) Eight three-year terms of supervised release, which would be served concurrently pursuant to 18 U.S.C. § 3624(e) if multiple terms are imposed;

(d) A mandatory special assessment of $800 pursuant to 18 U.S.C. § 3013; and

(e) An order of restitution pursuant to 18 U.S.C. §§ 3663A and 3664, or as otherwise set forth in this plea agreement.

4. **SPECIAL ASSESSMENT.** Mr. Shah has submitted certified financial statements to the United States reflecting that he is without sufficient funds to pay the special assessment due upon conviction in this case. Mr. Shah agrees that, if incarcerated, he will join the Inmate Financial Responsibility Program, earnings from which will be applied toward payment of the special assessment.


Defendant's Initials

Debra A. Kilgore, Esq.
May 3, 2013                                           Re: Vivek Shah
Page 3

    5. **PAYMENT OF MONETARY PENALTIES.** Mr. Shah agrees not to object to the District Court ordering all monetary penalties (including the special assessment, fine, court costs, and any restitution that does not exceed any amount set forth in this plea agreement) to be due and payable in full immediately and subject to immediate enforcement by the United States. So long as the monetary penalties are ordered to be due and payable in full immediately, Mr. Shah further agrees not to object to the District Court imposing any schedule of payments as merely a minimum schedule of payments and not the only method, nor a limitation on the methods, available to the United States to enforce the judgment.

    6. **TERMINATION OF PROSECUTION.** The conviction and final disposition of Mr. Shah pursuant to this plea agreement will conclude the prosecution of Mr. Shah by the United States in any judicial district for offenses Mr. Shah may have committed relating to the conduct described in the Stipulation of Facts attached as Plea Agreement Exhibit A.

    7. **COOPERATION.** Mr. Shah will be forthright and truthful with this office and other law enforcement agencies with regard to all inquiries made pursuant to this agreement, and will give signed, sworn statements and grand jury and trial testimony upon request of the United States. In complying with this provision, Mr. Shah may have counsel present except when appearing before a grand jury.

    8. **USE IMMUNITY.** Except as expressly provided for in this agreement, unless this agreement becomes void due to a violation of any of its terms by Mr. Shah, nothing contained in any statement or testimony provided by Mr. Shah pursuant to this agreement, or any evidence developed therefrom, will be used against Mr. Shah, directly or indirectly, in any further criminal prosecutions or in determining the applicable sentencing range under the Federal Sentencing Guidelines.

    9. **LIMITATIONS ON IMMUNITY.** Nothing contained in this agreement restricts the use of information obtained by the United States from an independent, legitimate source, separate and apart from any information and testimony provided pursuant to this agreement, in determining the applicable Sentencing Guidelines range or in prosecuting Mr. Shah for any violations of federal or state laws. The United States reserves the right to prosecute Mr. Shah

                                                        _VS_
                                                        Defendant's
                                                        Initials

Debra A. Kilgore, Esq.
May 3, 2013                                            Re: Vivek Shah
Page 4

for perjury or false statement if such a situation should occur pursuant to this agreement.

    10. **STIPULATION OF FACTS AND WAIVER OF FED. R. EVID. 410.** The United States and Mr. Shah stipulate and agree that the facts comprising the offenses of conviction include the facts contained in the Stipulation of Facts. The Stipulation of Facts does not necessarily include all facts concerning relevant conduct in this case.

    Mr. Shah agrees that if he withdraws from this agreement, or this agreement is voided as a result of a breach of its terms by Mr. Shah, and Mr. Shah is subsequently tried on any charges relating to the conduct described in the Stipulation of Facts, the United States may use and introduce the Stipulation of Facts in the United States' case-in-chief, in cross-examination of Mr. Shah or of any of his witnesses, or in rebuttal of any testimony introduced by Mr. Shah or on his behalf. Mr. Shah knowingly and voluntarily waives, see United States v. Mezzanatto, 513 U.S. 196 (1995), any right he has pursuant to Federal Rule of Evidence 410 that would prohibit such use of the Stipulation of Facts. If the Court does not accept the plea agreement through no fault of the defendant or the Court declares the agreement void due to a breach of its terms by the United States, the Stipulation of Facts cannot be used by the United States.

    The United States and Mr. Shah understand and acknowledge that the Court is not bound by the Stipulation of Facts and that if some or all of the Stipulation of Facts is not accepted by the Court, the parties will not have the right to withdraw from the plea agreement.

    11. **AGREEMENT ON SENTENCING GUIDELINES.** Based on the Stipulation of Facts, the United States and Mr. Shah agree that USSG § 2B3.2 applies to all the charges to which he agrees to plead guilty pursuant to this agreement. The United States and Mr. Shah also agree that the adjusted offense level for each count of conviction is 27, with the exception of Count One of the Indictment in Criminal No. 5:13-00127, for which the United States and Mr. Shah agree that the adjusted offense level is 26. The United States and Mr. Shah further agree that the counts of conviction constitute seven separate groups under USSG § 3D1.2 (one group for each victim), and that, pursuant to USSG § 3D1.4, the combined offense level is 32 before acceptance of responsibility is considered.

                                                                                      *VS*
                                                                              Defendant's
                                                                              Initials

Debra A. Kilgore, Esq.
May 3, 2013                         Re: Vivek Shah
Page 5

The United States and Mr. Shah acknowledge and understand that the Court and the Probation Office are not bound by the parties' calculation of the United States Sentencing Guidelines set forth above and that the parties shall not have the right to withdraw from the plea agreement due to a disagreement with the Court's calculation of the appropriate Sentencing Guidelines range.

12. **RULE 11(c)(1)(C) AGREEMENT.** Pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, the United States and Mr. Shah agree that a sentence of 87 months' imprisonment followed by three years' supervised release is the appropriate disposition of this case. Mr. Shah understands that this agreement pursuant to Fed. R. Crim. P. 11(c)(1)(C) is not binding on the District Court unless and until the District Court accepts this plea agreement. If the Court refuses to accept this plea agreement, either party has the right to void this agreement and Mr. Shah may withdraw his guilty plea. The United States and Mr. Shah make no agreement as to any fine that may be imposed as part of the disposition of this case.

13. **WAIVER OF APPEAL AND COLLATERAL ATTACK.** Mr. Shah knowingly and voluntarily waives his right and the United States also waives its right, to seek appellate review of the sentence of imprisonment and supervised release imposed by the District Court, or the manner in which the sentence was determined, provided that the District Court accepts the parties' agreement that a sentence of 87 months' imprisonment followed by three years' supervised release is the appropriate disposition of this case. Mr. Shah also knowingly and voluntarily waives his right, and the United States waives its right, to seek appellate review of any fine imposed by the District Court as part of the disposition of this case.

Mr. Shah also knowingly and voluntarily waives the right to challenge his guilty plea and his convictions resulting from this plea agreement, and any sentence imposed for the convictions, in any collateral attack, including but not limited to a motion brought under 28 U.S.C. § 2255.

The waivers noted above shall not apply to a post-conviction collateral attack or direct appeal based on a claim of ineffective assistance of counsel.

                                                       VS
                                            _____
                                            Defendant's
                                            Initials

Debra A. Kilgore, Esq.
May 3, 2013                                             Re: Vivek Shah
Page 6

    14. **WAIVER OF FOIA AND PRIVACY RIGHT.** Mr. Shah knowingly and voluntarily waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without any limitation any records that may be sought under the Freedom of Information Act (FOIA), 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a, following final disposition.

    15. **VICTIM CONTACT.** Mr. Shah agrees to and agrees not to oppose the imposition of the following special conditions of probation or supervised release:

    (a)    Mr. Shah shall not contact victims H.W., C.C., E.L., T.P., D.A., G.G., or R.K., or any of their respective family members, by any means, including, but not limited to, in person, by telephone, by mail, by other electronic means (including, but not limited to, email and social networking web sites), or via third parties.

    (b)    Mr. Shah shall at all times remain at least 1/2 mile from victims H.W., C.C., E.L., T.P., D.A., G.G., or R.K.; their respective residences and places of work or business; and any of their respective family members and those family members' residences and places of work or business. Mr. Shah shall not be present in any place where he reasonably could foresee that he may see or be seen by any of these victims or their respective family members. If contact occurs, Mr. Shah shall immediately leave the area of contact and immediately report the contact to the Probation Office.

    (c)    Mr. Shah shall not, by any means, engage or attempt to engage in harassment toward victims H.W., C.C., E.L., T.P., D.A., G.G., or R.K., or any of their respective family members. As used in this condition of probation or supervised release, "harassment" means a course of conduct directed at a specific person that (A) causes substantial emotional distress in such person, and (B) serves no legitimate purposes, as more fully defined in Title 18, United States Code, Section 1514(c). "Course of conduct" means a series of acts over a period of time,

                                                    VS
                                              Defendant's
                                              Initials

Debra A. Kilgore, Esq.  
May 3, 2013                                            Re: Vivek Shah  
Page 7

      however short, indicating a continuity of purpose, as more fully defined in Title 18, United States Code, Section 1514(c).

16. **FINAL DISPOSITION.** The matter of sentencing is within the sole discretion of the Court. The United States has made no representations or promises as to a specific sentence. The United States reserves the right to:

  (a)  Inform the Probation Office and the Court of all relevant facts and conduct;

  (b)  Present evidence and argument relevant to the factors enumerated in 18 U.S.C. § 3553(a);

  (c)  Respond to questions raised by the Court;

  (d)  Correct inaccuracies or inadequacies in the presentence report;

  (e)  Respond to statements made to the Court by or on behalf of Mr. Shah;

  (f)  Advise the Court concerning the nature and extent of Mr. Shah's cooperation; and

  (g)  Address the Court regarding the issue of Mr. Shah's acceptance of responsibility.

17. **VOIDING OF AGREEMENT.** If either the United States or Mr. Shah violates the terms of this agreement, the other party will have the right to void this agreement. If the Court refuses to accept this agreement, it shall be void.

18. **ENTIRETY OF AGREEMENT.** This written agreement constitutes the entire agreement between the United States and Mr. Shah in this matter.

*VS*  
_____  
Defendant's Initials

Debra A. Kilgore, Esq.
May 3, 2013                                          Re: Vivek Shah
Page 8

    Acknowledged and agreed to on behalf of the United States:

                            R. BOOTH GOODWIN II
                            United States Attorney

             By: _____
                            STEVEN R. RUBY
                            Assistant United States Attorney

I hereby acknowledge by my initials at the bottom of each of the first seven pages and by my signature on the last page of this eight-page agreement that I have read and carefully discussed every part of it with my attorney, that I understand the terms of this agreement, and that I voluntarily agree to those terms and conditions set forth in the agreement. I further acknowledge that my attorney has advised me of my rights, possible defenses, the Sentencing Guidelines provisions, and the consequences of entering into this agreement, that no promises or inducements have been made to me other than those in this agreement, and that no one has threatened me or forced me in any way to enter into this agreement. Finally, I am satisfied with the representation of my attorney in this matter.

_____                            5/3/13
VIVEK SHAH                                              Date Signed
Defendant

_____                            5/13/13
DEBRA A. KILGORE                               Date Signed
Counsel for Defendant

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
BECKLEY

UNITED STATES OF AMERICA

v.  CRIMINAL NO. 5:12-cr-00172

VIVEK SHAH

## STIPULATION OF FACTS

The United States and Vivek Shah stipulate and agree that the facts comprising the offenses of conviction in Count Two of the Superseding Indictment in Criminal No. 5:12-00172, and in Counts One through Seven of the Indictment in Criminal No. 5:13-00127, include the following:

Beginning around June 9, 2012, and continuing through around August 9, 2012, Mr. Shah mailed a series of letters to persons known to the United States Attorney. Each of these letters was entitled "Extortion Notice" and contained an express threat of death to a member of the recipient's family unless the recipient paid a sum of money. In order to carry out this extortion scheme, Mr. Shah used false identities and aliases to purchase and activate various prepaid access device cards. Mr. Shah then used those prepaid access device cards to purchase via the Internet postage from the United States Postal Service (USPS), and used the postage purchased thereby to mail these letters. Mr. Shah also sent several of the recipients of his letters follow-up letters containing a copy of the original letter to that recipient along with wiring instructions for an offshore account into which he intended for them to transfer the money demanded.

In the course of this scheme, Mr. Shah:

1. on or about June 9, 2012, mailed from California to Connecticut a letter addressed to a victim with the initials H.W., communicating an express threat of death to a member of H.W.'s family unless H.W. paid $4 million;

2. on or about June 14, 2012, mailed from California to Florida a letter addressed to a victim with the initials C.C., communicating an express threat of death to a member of C.C.'s family unless C.C. paid $13 million;

3. on or about June 26, 2012, mailed from California to Florida a letter addressed to a victim with the initials T.P., communicating an express threat of death to a member of T.P.'s family unless T.P. paid $34 million;

4. on or about July 9, 2012, mailed from California to Illinois a letter addressed to a victim with the initials E.L., communicating an express threat of death to a member of E.L.'s family unless E.L. paid $16 million;

5. on or about July 9, 2012, mailed from California to Texas a letter addressed to a victim with the initials D.A., communicating an express threat of death to a member of E.L.'s family unless E.L. paid $35 million;

PLEA AGREEMENT EXHIBIT A

6. on or about July 9, 2012, mailed from California to Florida a letter addressed to the aforementioned T.P., which contained a copy of the letter Mr. Shah mailed to T.P. on or about June 26, 2012, along with wiring instructions for a foreign-currency exchange account set up at an offshore bank in T.P.'s name without T.P.'s knowledge;

7. on or about August 9, 2012, mailed from Illinois to California a letter addressed to a victim with the initials G.G., communicating an express threat of death to a member of G.G.'s family unless G.G. paid $9,600,000; and

8. on or about August 9, 2012, mailed from Illinois to California a letter addressed to a victim with the initials R.K., communicating an express threat of death to a member of R.K.'s family unless R.K. paid $11,300,000.

Mr. Shah mailed each of the above-described letters via the USPS, depositing each of them in an authorized depository for mail matter and causing each to be delivered by the USPS. Mr. Shah mailed each of the above-described letters with the intent to extort money from the person to whom the letter was addressed. Mr. Shah also intended to obtain publicity that he hoped would further his acting career. By mailing the above-described letter to C.C., Mr. Shah attempted to and did affect interstate commerce in the Southern District of West Virginia by extortion.

In planning and carrying out the acts described in this Stipulation of Facts, Mr. Shah did not conspire with any other person. No person aided or abetted Mr. Shah in carrying out these acts, nor did any person act as an accessory after the fact with respect to these acts.

This Stipulation of Facts does not contain each and every fact known to Mr. Shah and to the United States concerning the acts charged in the above-listed Indictments, and is set forth for the limited purpose of establishing a factual basis for Mr. Shah's guilty plea.

Stipulated and agreed to:

_____          5/9/13
VIVEK SHAH                               Date
Defendant


_____          5/9/13
DEBRA A. KILGORE                         Date
Counsel for Defendant


_____          5/9/13
STEVEN R. RUBY                           Date
Assistant United States Attorney

2