IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

VIVEK SHAH,

          Petitioner,

v.                                            CIVIL ACTION NO.  5:15-cv-7542
                                            (Criminal Nos. 5:12-cr-172 & 5:13-cr-127)

UNITED STATES OF AMERICA,

          Respondent.

**MEMORANDUM OPINION AND ORDER**

      The Court has reviewed the Magistrate Judge's *Proposed Findings and Recommendation* (PF& R) (Document 144), the Petitioner's *Objections to Proposed Findings and Recommendation* (Document 159) and *Clarification to Objections Previously Made* (Document 175), the Petitioner's June 10, 2015 *Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody* (Document 109), *Declaration in Support of Motion Under 28 U.S.C. § 2255* (Document 111), and *Brief in Support of Motion Under 28 U.S.C. § 2255* (Document 112) and the Petitioner's *Supplemental Brief in Support of Motion Under 28 U.S.C. § 2255* (Document 130).  The Court has also reviewed the Petitioner's *Motion to Invalidate Plea Agreement* (Document 120) and *Brief in Support of Motion to Invalidate Plea Agreement* (Document 121), as well as the Petitioner's *Motion for Summary Judgment* (Document 122).  For the reasons set forth herein, the Court finds that the *Proposed Findings and Recommendation* should be adopted and the Petitioner's objections overruled.

1

## PROCEDURAL HISTORY

The procedural history of the Petitioner's underlying conviction under 18 U.S.C. §§ 875(b) and 876(b) and motions for post-trial relief have been set forth in detail by the Magistrate Judge in his PF&R. In order to provide context for the rulings contained herein, the Court provides the following summary. On May 9, 2013, the Petitioner pled guilty to one count of Transmitting in Interstate Commerce a Threat with Intent to Extort in violation of 18 U.S.C. § 875(b) and seven counts of Mailing Threatening Communications in violation of 18 U.S.C. § 876(b). This Court sentenced the Petitioner on September 11, 2013, to a total of 87 months of incarceration to be followed by a three-year term of supervised release. Importantly, the Petitioner did not appeal his conviction or sentence to the Fourth Circuit.

On June 10, 2015, nearly two years after his sentencing, the Petitioner filed his *Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody*, *Declaration in Support of Motion Under 28 U.S.C. § 2255*, and *Brief in Support of Motion Under 28 U.S.C. § 2255*. The Petitioner sets forth four allegations as grounds for post-conviction relief: (1) his conviction was obtained in violation of Due Process; (2) his conviction was obtained in violation of Rule 11(b) of the Federal Rules of Criminal Procedure; (3) he is innocent; and (4) he was rendered ineffective assistance of counsel.[1] (Pet.'s Motion Under 28 U.S.C. § 2255 at 4-8.) On February 26, 2016, the Petitioner filed his *Supplemental Brief in Support of Motion Under 28 U.S.C. § 2255* wherein he further argued that he is innocent based on the United States Supreme Court's decision in *Elonis v. United States*, 135 S. Ct. 2001 (2015).

---

[1] In his objections to the Magistrate Judge's PF&R, the Petitioner does not directly address either Ground 2: that his guilty plea was taken in violation of Rule 11(b) of the Federal Rules of Criminal Procedure, or Ground 4: that he was rendered ineffective assistance of counsel. Therefore, the Court does not address either of those arguments in considering the Petitioner's objections.

2

On October 19, 2016, Magistrate Judge Aboulhosn filed his PF&R. The Magistrate Judge found that the Petitioner's Section 2255 claims were untimely and therefore recommended that this Court deny Petitioner's motion. The Magistrate Judge further found that the Petitioner's claims could not properly be considered under Section 2241. Finally, the Magistrate Judge found that the Petitioner's request for relief by a Writ of *Audita Querela* should also be denied.

The Petitioner originally failed to file his objections to the PF&R within the fourteen day time period, and this Court therefore entered its November 14, 2016 *Memorandum Opinion and Order* (Document 146) adopting the Magistrate Judge's PF&R and dismissing the case. However, on November 21, 2016, the Petitioner filed a *Motion to Vacate Judgment, for Reconsideration, to Alter or Amend an Order, and to Stay an Order* (Document 150), wherein he stated that he never received a copy of the Magistrate Judge's PF&R. In response to the motion, this Court entered its January 3, 2017 *Order* (Document 162) vacating its acceptance of the Magistrate Judge's PF&R and agreeing to consider the Petitioner's objections. On May 22, 2017, the Petitioner filed his *Clarification to Objections Previously Made* (Document 175). The Petitioner's Section 2255 Motion and the Magistrate Judge's PF&R are ripe for review.

## STANDARD OF REVIEW

When reviewing a Magistrate Judge's proposed findings and recommendations for a prisoner's Section 2255 motion, this Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). However, the Court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150

3

(1985). In addition, this Court need not conduct a de novo review when a party "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir.1982). When reviewing portions of the PF & R de novo, the Court will consider the fact that Petitioner is acting *pro se*, and his pleadings will be accorded liberal construction. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Loe v. Armistead*, 582 F.2d 1291, 1295 (4th Cir.1978).

## APPLICABLE LAW

Motions for post-conviction relief by federal inmates are governed by 28 U.S.C. §2255 (Section 2255). To succeed on a Section 2255 motion, the movant must prove that "his sentence or conviction was imposed in violation of the Constitution or laws of the United States, that the court was without jurisdiction to impose such a sentence, that the sentence exceeded the maximum authorized by law, or that the sentence is otherwise subject to collateral attack." 28 U.S.C. § 2255. A motion collaterally attacking a petitioner's sentence brought pursuant to § 2255 requires the petitioner to establish his grounds by a preponderance of the evidence. *Sutton v. United States*, 2006 WL 36 859 at * 2 (E.D.Va. Jan. 4, 2006). Section 2255 establishes a one-year statute of limitations within which a federal inmate may bring his Section 2255 motion, and that one year time period begins from the latest of the following:

> (1) the date on which the *judgment of conviction becomes final*;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, *if that right has been newly recognized by the Supreme Court and made retroactively applicable* to cases on collateral review; or

4

>(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. §2255(f) (emphasis added).

While Section 2255 provides federal inmates with a procedural right to test the legality of their detention, it does not grant unfettered discretion to the inmate to challenge any and all aspects of the underlying conviction and sentence. The filing of a Section 2255 motion does not supplant or obviate the need to file a direct appeal. *Sunal v. Large*, 332 U.S. 174, 178 (1947). Constitutional claims for relief that were not raised on direct appeal are, as a general rule, subject to procedural default, and not cognizable in a Section 2255 motion. *See, e.g.*, *Bousley v. United States*, 523 U.S. 614, 621-22 (1998); *Murray v. Carrier*, 477 U.S. 478, 488 (1986); *United States v. Mikalajunas*, 186 F.3d 490, 492-95 (4th Cir. 1999), *cert. denied*, 529 U.S. 1010 (2000); *United States v. Maybeck*, 23 F.3d 888, 891-92 (4th Cir. 1994).

There are ways to overcome the procedural default, however. First, an inmate can show "cause and prejudice" resulting from the alleged errors. *Mikalajunas*, 186 F.3d at 493. To establish cause, an inmate must establish a nexus between the failure to raise the defaulted claim on direct appeal and some external factor, such as the novelty of the claim, an intervening change in law made retroactive to the inmate's case, or ineffective assistance of counsel. *Id*. Actual prejudice is shown by demonstrating that the error worked to movant's "actual and substantial disadvantage," rather than just creating a possibility of prejudice. *See Satcher v. Pruett*, 126 F.3d 561, 572 (4th Cir. 1997). Second, an inmate can overcome a Section 2255 procedural default by establishing that "a miscarriage of justice would result from the refusal of the court to entertain the collateral attack." *Mikalajunas*, 186 F.3d at 493 (quoting *United States v. Frady*, 456 U.S. 152,

5

167-68 (1982)). To establish a miscarriage of justice, the Fourth Circuit has required inmates to show actual innocence of the underlying offense. *Id*., *accord Murray*, 477 U.S. at 496.

Further, Section 2255 does not permit re-litigation of issues decided on direct appeal. In *Boeckenhaupt v. United States*, 537 F.2d 1182, 1183 (4th Cir.) (per curiam), cert. denied, 429 U.S. 863 (1976), the Court held that a defendant "will not be allowed to recast, under the guise of a collateral attack, questions fully considered [on appeal]." An exception exists, however, when there has been an intervening change in the law that justifies consideration of a prior determination. *See Davis v. United States*, 417 U.S. 333, 342 (1974).

## DISCUSSION

The Petitioner raises fourteen (14)[2] different objections to the Magistrate Judge's PF&R. However, because several of these objections repeat the same arguments multiple times, the Court has consolidated the Petitioner's objections into five separate arguments.

*A. Timeliness and Actual Innocence*

The Petitioner's first and main objection to the PF&R is that he is innocent of the crimes for which he entered a guilty plea and that his Section 2255 petition was timely filed and should overcome the procedural default rule. The Petitioner asserts in objections one, two, three, four, seven, eight, nine, ten, and twelve that he is innocent because he had neither the intent to make threats nor the intent to extort. He argues that he did not have the intent to threaten the recipients of his letters, which he asserts this Court was required to find based on the United States Supreme Court's ruling in *Elonis v. United States*, inasmuch as he did not mean for the letters to be threatening. He further argues that he did not have the specific intent to commit extortion because

---

[2] The Petitioner's list of objections to the PF&R is numbered one through fifteen, but skips number eleven.

he did not intend to permanently deprive his victims of their possession of money, and that the Magistrate failed to rule on this argument in his PF&R. Thus, the Petitioner argues that because he had neither the intent to threaten nor extort, he is actually innocent and his Section 2255 motion should be accepted as timely and considered on the merits.

In his PF&R, Magistrate Judge Aboulhosn found that the Petitioner's motion was not timely filed according to the requirements in Section 2255(f)(3) because it was not filed within a year of the entry of judgment of his conviction or within a year of a right newly recognized by the Supreme Court. The Magistrate Judge further found that the Petitioner's reliance on *Elonis* to establish his innocence was tenuous because *Elonis* did not apply to his conviction and thus did not overcome the procedural default of the Petitioner's failure to raise his arguments on a direct appeal. Magistrate Judge Aboulhosn found that the United States Supreme Court's ruling in *Elonis* did not create a new right on which the Petitioner could rely to reverse his conviction because *Elonis* was based on a defendant's conviction under 18 U.S.C. § 875(c), while the Petitioner in the case at hand was convicted under 18 U.S.C. §§ 875(b) and 876(b). Thus, the Magistrate Judge found that the *Elonis* ruling did not establish a new rule or a new right under which the Petitioner could challenge his conviction. Therefore, the Magistrate Judge found that the Petitioner's Section 2255 motion was indeed untimely filed and did not overcome the procedural default.

The Court agrees with the Magistrate Judge's findings. In *Elonis*, the Supreme Court of the United States considered a defendant's conviction under 18 U.S.C. § 875(c) and "whether [18 U.S.C. § 875(c)] . . . requires that the defendant be aware of the threatening nature of the communication, and—if not—whether the First Amendment requires such a showing." *Elonis*, 135 S. Ct. at 2004 (2015). The Supreme Court found that § 875(c), as it is written, only makes

7

mention of proof that the defendant transmitted a communication and that said communication included a threat, but does not include a requirement of proof of the specific mental state of the defendant. *Id.* at 2008. However, the Supreme Court explained that even if a statute does not specify the requirement of proof of a mental state, "'the mere omission from a criminal enactment of any mention of criminal intent' should not be read 'as dispensing with it.'" *Id.* at 2009 (quoting *Morissette v. United States*, 342 U.S. 246, 250 (1952)). The Supreme Court further explained that, "[w]hen interpreting federal criminal statutes that are silent on the required mental state, we read into the statute only that mens rea which is necessary to separate wrongful conduct from otherwise innocent conduct." *Id.* at 2010. Based on its application of this analysis to 18 U.S.C. § 875(c), the *Elonis* court concluded that a defendant cannot be convicted under 875(c) without proof that he transmitted "a communication for the purpose of issuing a threat, or with knowledge that the communication will be viewed as a threat." *Id.* at 2012. In other words, the *Elonis* court concluded that a conviction under § 875(c) required proof that the defendant intended his communication to be a threat, or knew that it would be seen as such.

The Fourth Circuit examined this ruling in a similar case and reached the same conclusions. In *U.S. v. White*, a defendant challenged his conviction for transmitting threats in interstate commerce under 18 U.S.C. § 875(c) and his conviction of transmitting threatening communications with the intent to extort under § 875(b). *United States v. White*, 810 F.3d 212, 216 (4th Cir.), *cert. denied,* 136 S. Ct. 1833, 194 L. Ed. 2d 837 (2016). The court held that, based on the Supreme Court's ruling in *Elonis*, a conviction under 18 U.S.C. § 875(c) required proof

> (1) that the defendant knowingly transmitted a communication in interstate or foreign commerce; (2) that the defendant subjectively intended the communication as a threat; and (3) that the content of the communication contained a "true threat" to kidnap or injure. To prove the second element, the Government, consistent with

8

> *Elonis*, must establish that the defendant transmitted the communication "for the purpose of issuing a threat, or with knowledge that the communication will be viewed as a threat," or, perhaps, with reckless disregard for the likelihood that the communication will be viewed as a threat. And to establish the third element, in keeping with our prior cases, the prosecution must show that an ordinary, reasonable recipient who is familiar with the context in which the statement is made would interpret it as a serious expression of an intent to do harm.

*Id.* at 220-221 (internal quotation marks omitted). Because the defendant in *White* also challenged his conviction under § 875(b), and because section 875(b) does not define the intent to extort, the defendant in *White* further argued that the *Elonis* holding should apply to the intent to extort standard left undefined in section 875(b). The *White* court found, however, that the *Elonis* holding did not help the defendant because "it would be passing strange, indeed impossible, for a defendant to intend to obtain something by communicating such a threat without also intending, understanding, or, possibly, recklessly disregarding that the communication would be perceived as threatening, as *Elonis* requires." *Id.* at 223. In other words, "to intend to extort one must necessarily intend to instill fear of harm (for purposes of § 875(b), in the form of kidnapping or physical injury)." *Id.* Thus, the Fourth Circuit found that *Elonis* did not apply to convictions under 18 U.S.C. § 875(b).

Based on these holdings, the Court finds that Magistrate Judge Aboulhosn's findings are appropriate. First, Magistrate Judge Aboulhosn correctly found that the Petitioner's collateral attack was not timely filed because the *Elonis* ruling the Petitioner relies on to claim a new right specifically applied to convictions under 18 U.S.C. § 875(c). The Petitioner in the case at hand, however, was not convicted under 18 U.S.C. § 875(c), but rather 18 U.S.C. §§ 875(b) and 876(b). Thus, the Magistrate Judge appropriately found that *Elonis* does not create a new right under which he can challenge his conviction via a Section 2255 habeas petition, that Section 2255(f)(3) does not apply, and that Petitioner's timeliness objection must be overruled.

Second, the Magistrate Judge correctly found that the Petitioner had not established his innocence in a manner sufficient to overcome the procedural default in his failure to raise his arguments on a direct appeal. As stated above, constitutional claims for relief that were not raised on direct appeal are, as a general rule, subject to procedural default, and not cognizable in a Section 2255 motion. However, "in an extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent, a federal habeas court may grant the writ even in the absence of a showing of cause for the procedural default." *Schlup v. Delo*, 513 U.S. 298, 321 (1995). To satisfy this standard, "the habeas petitioner must show that 'a constitutional violation has probably resulted in the conviction of one who is actually innocent.'" *Id.* at 327 (quoting *Murray v. Carrier*, 477 U.S. 478, 496 (1986)). To establish the requisite probability under the actual innocence exception, "the petitioner must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." *Id.* Moreover, the Petitioner must satisfy this burden with "new reliable evidence that was not presented at trial" and "must show that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Id.* at 324, 327.

The Courts finds that the Petitioner has presented no new evidence sufficient to show that no reasonable juror would have found him guilty beyond a reasonable doubt. As the Magistrate Judge correctly noted, the Petitioner has presented the Court with no new evidence at all and simply argues that the *Elonis* decision and its progeny in the Fourth Circuit show that he is actually innocent because he had neither the intent to threaten his victims nor the intent to extort them. As the Court has already found, the *Elonis* decision does not apply to either statute under which the

Petitioner was convicted and does not provide the Petitioner with a new right to challenge his convictions. Thus, the Court finds that the Petitioner's innocence objection should be overruled.

### B. Due Process Violation

The Petitioner's second line of objections assert that the Magistrate Judge did not appropriately consider his due process arguments. The Petitioner argues that the application of the Fourth Circuit opinion in *White* to his case would be a violation of his Due Process rights because it would violate his right to a fair warning, and he further argues that the Magistrate Judge failed to address this argument. The Court finds, however, that the Magistrate Judge's analysis of the *White* opinion was appropriate. Rather than finding that the Fourth Circuit's opinion in *White* applied retroactively to the Petitioner, the Magistrate Judge found that the Fourth Circuit did not extend the Supreme Court's holding in *Elonis* to convictions under 18 U.S.C. § 875(b). (PF&R at 10.) The Magistrate Judge properly omitted a Due Process analysis because he found that *Elonis* did not apply to Petitioner's conviction and, therefore, did not establish a newly recognized right that is retroactively applicable on collateral review. (*Id.* at 12.) The Court finds that the Petitioner's Due Process objection should be overruled.

### C. Section 2241

The Petitioner next objects that the Magistrate Judge incorrectly failed to examine his claims under 28 U.S.C § 2241. The Petitioner asserts that the Magistrate Judge's finding that Section 2241 is not applicable is premature because, based on his actual innocence, that statute directly applies to him.

Section 2241 of the United States Code provides a general grant of habeas corpus authority. *Medberry v. Crosby*, 351 F.3d 1049, 1062 (11th Cir. 2004). Generally, 28 U.S.C. § 2255 provides the exclusive means for a prisoner in federal custody to test the legality of his detention. 28 U.S.C.

§ 2255. However, Section 2255(e) contains a savings clause which allows a district court to consider a habeas petition brought by a federal prisoner under Section 2241 where Section 2255 is "inadequate or ineffective to test the legality" of the detention. 28 U.S.C. § 2255; *see also United States v. Poole*, 531 F.3d 263, 270 (4th Cir. 2008). In the Fourth Circuit, a Section 2255 petition is only inadequate or ineffective to test the legality of detention when:

> (1) [A]t the time of conviction, settled law in this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provision of § 2255 because the new rule is not one of constitutional law.

*Poole*, 531 F.3d at 269, quoting *In re Jones*, 226 F.3d at 333-34. Further, the fact that relief under a Section 2255 motion has been denied or is procedurally barred does not render the remedy inadequate or ineffective to test the legality of a prisoner's detention. *In re Jones*, 226 F.3d 328, 332 (4th Cir. 2000).

Here, the Magistrate Judge found that the Petitioner has failed to demonstrate that Section 2255 was inadequate or ineffective such that his challenge should fall under Section 2241. (PF&R at 17.) As explained above, the Petitioner has presented no new evidence to establish that he is actually innocent aside from his *Elonis* based arguments, and has therefore failed to show that his Section 2255 motion was not untimely. Because his failure to timely file his petition does not render Section 2255 inadequate or ineffective pursuant to Fourth Circuit precedent, the Court finds that the Petitioner's objection based on Section 2241 should also be overruled.

D. Writ of Audita Querela

The Petitioner next asserts that the Magistrate Judge inappropriately denied his requested relief through a Writ of *Audita Querela*. The Petitioner argues that the Magistrate Judge should

have first determined whether he is actually innocent, and if the Court finds that his actual innocence does not entitle him to relief, "then the court does have the authority to fill in this 'gap.'" (Pet.'s Objections at 12.)

A writ of *audita querela* "is potentially available where there is a legal ... objection to a conviction that has arisen subsequent to the conviction and … is not redressable pursuant to another post-conviction remedy." *United States v. Hairston*, No. CRIMA 3:00-CR-24-1, 2009 WL 891929, at *2 (N.D.W. Va. Mar. 30, 2009), *aff'd*, 343 F. App'x 865 (4th Cir. 2009) (internal quotation marks omitted). Further, the Fourth Circuit recently held that "[a] writ of audita querela is not available to a petitioner when other avenues of relief are available, such as a motion to vacate under § 2255." *In re Moore*, 487 F. App'x 109 (4th Cir. 2012).

Here, the Magistrate Judge found that the Petitioner is not entitled to relief pursuant to a writ of *audita querela* because the Petitioner's Section 2255 motion is time-barred, and failure to meet this procedural bar does not make Section 2255 an inadequate or ineffective method for considering his claims. As explained above, the Petitioner's Section 2255 motion is indeed untimely because it was not filed within a year of his sentence and did not establish evidence of a new right to challenge his conviction sufficient to be timely under Section 2255(f)(3). Being procedurally time-barred, however, does not render Section 2255 ineffective in dealing with the Petitioner's claims, nor does it create a gap in the Petitioner's post-conviction relief that could only be filled by a writ of *audita querela*. *Ortiz v. United States*, 555 Fed.Appx. 261, 262 (4th Cir. 2014); *Little v. United States*, No. 2:12-CV-08385, 2016 WL 5402764, at *3 (S.D.W. Va. Sept. 27, 2016). The Court finds that the Petitioner's objection should be overruled and that his petition requesting a writ of *audita querela* should be denied.

### E. *Incorrect Jurisdiction*

The Petitioner's final objection to the Magistrate Judge's PF&R is that this Court does not retain jurisdiction over his Section 2255 motion. The Petitioner argues that because he is currently incarcerated at FMC Lexington in Lexington, Kentucky, this Court does not have jurisdiction over his petition. The Petitioner argues that the Fourth Circuit's jurisprudence is inapplicable to his motion and that jurisdiction should be transferred to the Eastern District of Kentucky.

Pursuant to Section 2255, a petitioner seeking to challenge a sentence and seeking release "may move *the court which imposed the sentence* to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a) (emphasis added). Here, the Petitioner was sentenced by this Court on September 11, 2013. (PF&R at 2.) Therefore, this Court does retain jurisdiction over the Petitioner's claims under Section 2255, the Magistrate Judge appropriately applied Fourth Circuit precedent, and the Petitioner's objection on jurisdictional grounds should be overruled.

## CONCLUSION

WHEREFORE, after thorough review and careful consideration, the Court **ORDERS** that the Magistrate Judge's *Proposed Findings and Recommendation* (Document 144) be **ADOPTED**, that the *Objections to Proposed Findings and Recommendation* (Document 159) and *Clarification to Objections Previously Made* (Document 175) be **OVERRULED**, and that the *Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody* (Document 109), *Motion to Invalidate Plea Agreement* (Document 120), and *Motion for Summary Judgment* (Document 122) be **DENIED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to Magistrate Judge Aboulhosn, to counsel of record, and to any unrepresented party.

ENTER: July 26, 2017

IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA